UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRITY POWER SERVICES LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO. LTD., et al.,<br><br>　　　　Defendants. | Case No. 21-mc-80159-JSC<br><br>**ORDER RE: ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 7, 18 |

Garrity Power Services LLC ("Garrity") moved to compel Renesas Electronics America Inc. ("Renesas") to respond to a subpoena issued in a case proceeding in the Eastern District of Texas. (Dkt. No. 4.)[1] Garrity later withdrew the motion to compel. (Dkt. No. 21.) Two administrative motions to file under seal remain pending in connection with the withdrawn motion. Garrity moves to file under seal Exhibits M and N to the declaration of counsel in support of the motion to compel, as well as portions of the motion to compel that relate to those exhibits. (Dkt. No. 7.) Renesas moves to file under seal Exhibit A to the declaration of counsel in support of its response to the motion to compel. (Dkt. No. 18.) After careful consideration of the parties' sealing requests, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and orders as set forth below.

## DISCUSSION

There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Courts apply a "good cause" standard when considering motions to seal documents attached to non-dispositive motions. *Kamakana v. City &*

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

*Cnty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). A party seeking to file under seal must make a "particularized showing of good cause" for each sealing request. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003).

Civil Local Rule 79-5 supplements the standard. *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-cv-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020). Under Civil Local Rule 79-5(b), sealing is appropriate only where the requesting party "establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law," or "sealable." N.D. Cal. Civ. L.R. 79-5(b). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." N.D. Cal. Civ. L.R. 79-5(d)(1)(A).

Confidential business information in the form of "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" is sealable. *Exeltis USA*, 2020 WL 2838812, at *1; *see also In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing is warranted to prevent competitors from "gaining insight into the parties' business model and strategy"). Significant descriptions of technical product features are also sealable. *See Guzik Tech. Enters. v. W. Digit. Corp.*, No. 5:11-cv-03786-PSG, 2013 WL 6199629 (N.D. Cal. Nov. 27, 2013).

Exhibit M is Renesas' boilerplate objections and responses to the subpoena in the underlying action. At this point, Renesas does not contend that they contain any confidential information. (Dkt. No. 14 at 3.) Accordingly, the exhibit is not sealable.

Exhibits N and A are detailed technical documents related to products that Renesas actively sells, and are sealable. Both contain confidential business information and proprietary technical information and are shared with customers and others outside the company only pursuant to non-disclosure agreement. (Dkt. Nos. 16 ¶¶ 3–9, 18-1 ¶¶ 3–9.) There is good cause to seal these exhibits.

It follows that the portions of the motion to compel that relate to Exhibit M are not sealable, but the portions that relate to Exhibit N are sealable. However, the only portion that

1   relates to Exhibit N merely identifies that the exhibit consists of "datasheets." (Dkt. No. 7-5 at

2   14:10.) The preceding sentence, which is not sought to be sealed, states that "Renesas has

3   produced certain datasheets." (*Id.* at 14:7.) Therefore, the portion sought to be sealed does not

4   contain confidential or proprietary information, and no part of the motion to compel is sealable.

## CONCLUSION

Garrity's administrative motion to file under seal is GRANTED in part and DENIED in part. Renesas's administrative motion to file under seal is GRANTED.

**A.     Exhibit M (Dkt. No. 7-2)**

Sealing is DENIED.

**B.     Exhibit N (Dkt. No. 7-3)**

Sealing is GRANTED.

**C.     Portions of Motion to Compel, Exhibit U (Dkt. No. 7-5)**

Sealing is DENIED.

**D.     Exhibit A (Dkt. No. 18-4)**

Sealing is GRANTED.

* * *

This Order disposes of Docket Nos. 7, 18.

The Clerk shall close the case.

**IT IS SO ORDERED.**

Dated: July 29, 2021

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge